## DUNN *v*. HEREFORD.

WORK, LABOR AND SERVICES.—The court below having charged the jury that if defendant hired plaintiff for one month at a stipulated sum, and discharged him before the expiration of the month without sufficient cause, defendant was bound to pay plaintiff for the full month, or that if defendant discharged plaintiff before the time agreed upon had expired, at a great distance from home and in an uninhabited country, that defendant was bound to settle with plaintiff and pay him the amount found to be due: *Held*, that such charge was not erroneous.

ERROR to the First District Court for Laramie County.

As this cause was, by consent of parties, submitted upon the brief of the plaintiff in error, and it contains also a statement of the case, it is given here in full. Upon an examination of the record, however, it is found that the testimony was contradictory in every material question.

*E. P. Johnson,* for plaintiff in error.

This is a case originally commenced by defendant in error in the justices' court to recover $59.10, balance due him from plaintiff in error on account for services performed by him as night-herder. The defense set up, was that a portion of the indebtedness claimed arose after defendant was discharged from plaintiff's employ; and that defendant was employed as night-herder, and that he willfully abandoned the cattle during the night and allowed them to stray and get lost. That this violation of his contract occurred on several occasions on each of which the train was delayed and prevented from moving to the damage of plaintiff of one hundred dollars. On trial of the cause before the justice, defendant recovered judgment and the case was appealed to the district court of Laramie county, and comes up here from that court for review. It is submitted that the evidence discloses the following facts:

Dunn was proprietor of a freight train between Cheyenne and Fort Laramie and the Indian agencies. That he employed Hereford to act as night-herder at fifty dollars per

month; that as such night-herder his duties were to take the cattle, keep them together during the night, and have them in for duty in the morning; that he was in the habit of going to bed nights, causing loss of the cattle and delay in the movement of the train; that he was caught in the act on the second trip and discharged, and one Mansfield employed in his stead; that he stayed with the train from the time of his discharge to the agency and back to Cheyenne, doing no work for Dunn, but charging that time, fifteen days, to Dunn in the account sued on; that he drew his money in installments as he needed it, and when he left Cheyenne on the second trip had in that manner received seven dollars more than was due him; that the direct loss shown by his willful neglect of duty as night-herder amounted to nearly $300. There are a number of errors assigned, but those chiefly relate to one, and are: 1. The giving of the instructions to the jury; 2. The refusal to give those requested by plaintiff in error; 3. The overruling the motion for a new trial.

I. The instructions to the jury involve three propositions of law, each of which are erroneously stated, especially as applied to this case: 1. The first proposition is that Dunn, having settled with Hereford for the first trip, and overpaid him seven dollars without having interposed a claim for damages occasioned by Hereford's neglect on that trip, Dunn could not afterward set the claim up and recover it. Now, it is urged that the above proposition was error: First, because it informs the jury that a fact has been proven, and assumes that Dunn had a settlement and paid for prior services with a knowledge of the counter-claim he might have set up, whereas it appears, and was shown by Dunn's testimony, that he did not find out that Hereford caused the trouble until he arrived at Running-water, on the second trip; Second, it assumes that Dunn and Hereford had a settlement, whereas it appears that Hereford simply drew money when he wanted it, and had at that time overdrawn his wages. Such positive instructions are erroneous, where

there is evidence on both sides, the questions of fact should be left to the jury: 3 Gra. & Wat. on New Trials, 738–763; 19 Wend. 402; 16 Id. 663; but strictly and chiefly because the legal proposition as there laid down, independent of the facts, is an error.  Many matters of difference may exist between parties, and the adjustment of any of them does not estop either party from asserting their rights in others, unless those others are included and settled.  The instruction was not warranted, on the ground that there was an estoppel: Bigelow on Estoppel, 480; nor on the ground of an account stated.  If so, it was only *prima facie* not a conclusive bar: 3 Phil. on Ev. 430–1.

2. The second proposition is that Dunn could not discharge plaintiff at Running-water without paying him off. Acting upon that instruction the jury were compelled to allow Hereford wages for fifteen days, during which time he did no work for Dunn.  While an employee may recover sometimes for work already performed, even though discharged for cause, yet it has never been held that the right of action for wages due gave him also the privilege of considering himself in his master's employ until the claim was paid.  According to the law, as given to the jury in that instruction, Hereford is still in Dunn's employ, and has only to insist on his pay as an employee to the present moment to recover.  The error is so obvious and material in this case that reference to authority seems a work of supererogation.

3. The third proposition assumes that Hereford's statement concerning the character of a storm is true, and that he was justified in abandoning post by reason thereof.  Its tendency is to influence the jury to take his statement as conclusive against the testimony of all the other witnesses, who did not seem to be aware that such a storm had an existence there at that time.  Even if such was the fact the hardship did not excuse him from the performance of his contract: 2 Pars. Con. 672–6.

II. It is also claimed that the court erred in refusing instructions asked by plaintiff in error:

1. Because instruction one is to the effect that one, failing willfully or negligently to fulfill the obligations of his contract, is responsible for damages resulting from such failure, embodies correctly the law on that subject: 3 Par. on Con. 180, notes V. & W. 218; Sedg. on Dam. 44, 492.

2. The court also erred in refusing the second instruction asked, to the effect that an employer may discharge his employee for neglecting or refusing to do his duty, or in other words, for cause, and not be liable to him for wages thereafter: 2 Par. on Con. 40.

III. The court erred in overruling the plaintiff's motion for a new trial. In addition to the reasons heretofore urged, the motion should have prevailed on the fourth and fifth grounds stated in the motion, to wit: the verdict being unsustained by sufficient evidence and contrary to law, and errors in assessing damages. There are fifteen days' wages given in the verdict and in the judgment, which item was entirely unsupported by evidence. Plaintiff admits he did not work for Dunn during that time, but claims he was not discharged. The overwhelming weight of testimony, however, is that he was discharged. If such is the fact, then both grounds were well taken. And if he was discharged for cause, he was not only not entitled to the fifteen days' service or wages, but was not entitled to recover at all: 2 Par. on Con. 40, 676.

*Thomas J. Street*, for defendant in error.

By the Court, FISHER, C. J.: This was an action brought to this court by petition in error from the district court of Laramie county, and submitted upon the brief of plaintiff in error. The principal errors complained of are as to the instructions of the court below to the jury, which were to the effect that if the plaintiff in error, who was defendant below, hired Hereford, who was plaintiff below, for the term of a month at a stipulated sum, and discharged him before

the expiration of the month without sufficient cause, he was bound to pay him for the full month; or if he discharged him before the time agreed upon having expired, at a great distance from home and in an uninhabited country, that he was bound to settle with him and pay him the amount found to be due. And after said instruction was given, the whole question was submitted to the jury to pass upon the facts proven.

The jury then found for the plaintiff below the amount of his claim.

We are of the opinion that in this there was no error such as justifies this court in interfering: See 2 Kent, 258–9 and notes.

Judgment affirmed.